**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**      ) | |
|                    ) | |
|     **Plaintiff,**         ) | |
|                    ) | |
| **vs.**                ) | **Case No. 12-CR-30171-007** |
|                    ) | |
| **JOHN S. YOUNG,**         ) | |
|                    ) | |
|     **Defendant.**       ) | |

**<u>MEMORANDUM & ORDER</u>**

**DUGAN, District Judge:**

This matter comes before the Court on defendant John S. Young's "Response/Letter to Court" requesting a hearing (Doc. [810]) on garnishment proceedings commenced in this case. On January 24, 2025, the government commenced garnishment proceedings pursuant to 28 U.S.C. § 3205 stating that St. Louis Housing Authority is believed to owe money or property to Young or is in possession of Young's property. (Doc. [801]). The Writ of Garnishment, and related papers, were served on St. Louis Housing Authority (the garnishee) on February 27, 2025. St. Louis Housing Authority has not yet filed its answer and the time for doing so has not yet expired. 28 U.S.C. § 3205(c)(2)(E). On March 4, 2025, Young filed the instant pleading requesting a hearing and raising exemptions regarding the garnishment under 18 U.S.C. § 3613(a)(1).

Under 28 U.S.C. § 3205(c), a garnishee must answer the writ of garnishment within 10 days of service of the writ. 28 U.S.C. § 3205(c)(2)(E). Within 20 days *after* receiving the garnishee's answer, the judgment debtor may object to the answer. 28 U.S.C. § 3205(c)(5).

The objection must be written, must state the grounds for the objection and must be served on the garnishee and all other parties. *Id.* If the garnishee fails to answer, the government may seek an order requiring the garnishee to appear before the Court and answer at that time. 28 U.S.C. § 3205(c)(6).

As noted above, St. Louis Housing Authority has not yet filed its answer, and the deadline for doing so has not yet passed. Thus, Young's pleading is premature. § 28 U.S.C. § 3205(c)(5). Additionally, there is no indication that Young's pleading was served on St. Louis Housing Authority. (*Id.*). For these reasons, the Court **DENIES** the motion without prejudice and with leave to refile.

Within 20 days *after* receipt of the answer, Young may file a written objection to the answer and request a hearing. The written objection shall state the grounds for the objection. Young's written objection and request for a hearing may be mailed or delivered in person to the Clerk of the Court at 750 Missouri Avenue, East St. Louis, Illinois 62201.

Young is further advised that a copy of the objection and request for a hearing (1) must be served on St. Louis Housing Authority and on the United States Attorney's Office; and (2) should state that it has been served on the St. Louis Housing Authority and on the United States Attorney's Office.

To assist Young in this matter, the Court **DIRECTS** the Clerk to send Young an additional copy of the Court's "Claim for Exemption Form" under 18 U.S.C. § 3613. The Court further notes the following addresses:

St. Louis Housing Authority        United States Attorney
3520 Page Boulevard                Nine Executive Drive
St. Louis, MO 63106                Fairview Heights, Illinois 62208

2

**SO ORDERED.**

Dated: March 10, 2025

/s *David W. Dugan*

_____
DAVID W. DUGAN
United States District Judge